UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANELL M. CASTAGNOLA, ) | Case No. EDCV 09-1992 JC |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) Commissioner of Social ) Security, ) | |
| Defendant. ) | |

**I.     SUMMARY**

On October 30, 2009, plaintiff Shanell M. Castagnola ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; November 3, 2009 Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On March 3, 2005, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 14, 53). Plaintiff asserted that she became disabled on June 26, 2003, due to: Bipolar, manic depressive, anxiety. (AR 14, 53, 191-92). The ALJ examined the medical record and heard testimony from plaintiff, a medical expert and a vocational expert on June 18, 2007. (AR 411-63). On July 12, 2007, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 53-60).

On April 14, 2008, the Appeals Council granted review, vacated the ALJ's July 12, 2007 decision, and remanded the matter for further administrative proceedings. (AR 47-49). The ALJ again examined the medical record and heard testimony from plaintiff (who was represented by counsel), a medical expert and a vocational expert on February 18, 2009. (AR 378-410).

On May 18, 2009, the ALJ determined that plaintiff was disabled through the date of the decision, but was not eligible to receive benefits because plaintiff's substance use disorder was a contributing factor material to any disability caused by plaintiff's severe impairments. (AR 24-25). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: mood disorder, not otherwise specified, anxiety disorder, not otherwise specified, and substance use

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

disorder (AR 17); (2) plaintiff would continue to suffer from a severe impairment or combination of impairments if she discontinued substance use (AR 19); (3) plaintiff did not suffer from an impairment or combination of impairments that meets or medically equals one of the listed impairments (AR 17); (4) if plaintiff discontinued substance use she would not suffer from an impairment or combination of impairments that would meet or medically equal any of the listed impairments (AR 19); (5) based on all of plaintiff's impairments, including the substance abuse disorder, plaintiff did not retain the residual functional capacity to perform any type of work on a sustained, full-time basis, as she would be unable to complete eight-hour workdays and 40-hour workweeks and would miss more than two days of work per month (AR 18); (6) if plaintiff discontinued substance use, she would have the residual functional capacity to perform a full range of work at all exertional levels with certain nonexertional limitations[2] (AR 20); (7) plaintiff could not perform her past relevant work (AR 18, 23); (8) considering, among other things, plaintiff's substance use disorder, there are no jobs that exist in significant numbers in the national economy that plaintiff could perform (18-19); but (9) if plaintiff discontinued substance use there would be a significant number of jobs in the national economy that plaintiff could perform (AR 24).

The Appeals Council denied plaintiff's application for review.  (AR 4-6).

## III.  APPLICABLE LEGAL STANDARDS

### A.  Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable

---

[2] Specifically, the ALJ determined that plaintiff (i) should avoid unprotected heights and dangerous machinery; (ii) should not perform work that requires hypervigilence, responsibility for the safety of others, intense interpersonal interactions, or supervision of others; and (iii) could perform work with no more than moderate stress from production quotas, supervision, peers, and the public.  (AR 20).

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit her ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. See Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

If the ALJ determines that a claimant is disabled, but there is medical evidence that the claimant suffers from drug addiction or alcoholism, the regulations dictate that the ALJ conduct a drug and alcohol analysis ("DAA") to determine whether such disorder is a contributing factor material to the determination of disability and the extent to which a claimant's identified limitations would remain if the claimant stopped using drugs or alcohol. See 20 C.F.R. §§ 404.1535(b), 416.935(b). If the remaining limitations would be disabling, the claimant's substance abuse is not a contributing factor material to her disability. If the remaining limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied. See 42 U.S.C. § 423(d)(2)(C) ("An individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled."); 20 C.F.R. §§ 404.1535(b), 416.935(b); see also Parra v. Astrue, 481 F.3d 742, 746-47 (9th Cir. 2007) (discussing same), cert. denied, 552 U.S. 1141 (2008); Bustamante, 262 F.3d at 955 (DAA must be conducted after an initial finding of disability under the sequential evaluation process). "[T]he claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability." Parra, 481 F.3d at 748.

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

(9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

**IV.   DISCUSSION**

Plaintiff essentially contends that the ALJ erred in determining that plaintiff's drug abuse is a contributing factor material to her disability.  (Plaintiff's Motion at 4).  More specifically, plaintiff argues that the ALJ erred because she conducted the requisite DAA without reference to any medical opinion.  (Plaintiff's Motion at 4).  Plaintiff is not entitled to relief on such a basis.

Substantial evidence supports the ALJ's conclusion that plaintiff's substance abuse is a contributing factor material to her disability.  As the ALJ noted, the record contains "little objective medical evidence of a medically determinable impairment other than substance abuse." (AR 21, 57).  The ALJ noted the following evidence in support:

> [I]n June, 2003, [plaintiff] reported a history of marijuana and methamphetamine use (although she claimed to be clean over three months). . . .  [D]uring a psychiatric evaluation in July 2005, [plaintiff] admitted to a history of methamphetamine [use]. . . .  [T]reating notes from December, 2005 and February 2006 indicated

> [plaintiff's] *only* diagnosis was cannabis dependence. . . .
> Additionally, . . . during an initial evaluation performed in December 2005 at ValueOptions, [plaintiff] indicated she had smoked marijuana since she was a teenager and continued to use it on a daily basis. . . . [I]n February 2006, a State Agency psychiatrist found that while [plaintiff] had been partially compliant with prescribed treatment, she had persistent daily cannabis use. . . .

(AR 21) (emphasis in original) (citing Exhibits 1F at 29, 70, 74, 89, 125, 147 [AR 232, 270-72, 275, 290, 327, 349]).

Once such evidence of plaintiff's substance use surfaced, the burden rested with plaintiff, not the ALJ, to demonstrate that her drug use was not a contributing factor material to her disability by showing that she would have remained disabled had she stopped using drugs. See Parra, 481 F.3d at 747-48. Here, plaintiff points to no medical source opinion or other evidence that demonstrates plaintiff would suffer from disabling impairments absent her drug addiction. In the absence of such evidence, the ALJ reasonably concluded that substance abuse is a contributing factor material to plaintiff's disability.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 5, 2010

                                                           /s/
                                           Honorable Jacqueline Chooljian
                                           UNITED STATES MAGISTRATE JUDGE